**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD HENRY KAYIAN,<br><br>              Petitioner,<br><br>    v.<br><br>WARDEN THOMPSON,<br><br>              Respondent. | Civil Action No. 23-21623 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

    This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Richard Henry Kayian brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), and Rule 4 of the Rules Governing Section 2255 Proceedings to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of habeas jurisdiction.

## I. BACKGROUND

Petitioner is a convicted federal prisoner currently confined in FCI Fort Dix. (ECF No. 1 at 1.) In his habeas petition, he contends that he has been improperly denied both a walker to help him ambulate through the prison, and needed medication which he asserts he needs to properly breathe. (*Id.* at 6.) Petitioner thus seeks to use this habeas petition to litigate his conditions of confinement – specifically his medical treatment by prison staff. (*Id.*) However, Petitioner did not seek to administratively raise these issues before proceeding with a habeas petition as he believes there is "urgency" involved. (*Id.* at 2-4.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

2

In his current petition, Petitioner seeks to challenge the level of medical care he is being provided in prison, specifically the denial of access to a walker and an inhaler. Petitioner's habeas petition thus seeks to challenge not the fact or duration of his confinement, but rather his conditions of confinement. A habeas proceeding, however, may generally not be used to raise conditions of confinement challenges. *See, e.g., Folk v. Warden Schuykill FCI*, No. 23-1935, 2023 WL 5426740, at *1-2 (3d Cir. Aug. 23, 2023). Indeed, the Third Circuit has held that habeas jurisdiction to challenge a condition of confinement is proper "only in extreme cases" where "extraordinary circumstances" could potentially warrant the extreme relief of outright release. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 324 (3d Cir. 2020); *see also Folk*, 2023 WL 5426740 at *1-2. Claims asserting inadequate medical care are thus generally not cognizable in a habeas proceeding, *see Folk*, 2023 WL 5426740 at *2, and courts must decline to exercise habeas jurisdiction over cases asserting such claims. *See Goodchild v. Ortiz*, No. 21-790, 2021 WL 3914300, at *15-16 (D.N.J. Sept. 1, 2021) (collecting cases). As Petitioner's habeas petition asserts only claims asserting inadequate medical care and has not shown that his case presents an "extreme" or "extraordinary" circumstance warranting habeas relief, this Court must decline to exercise habeas jurisdiction in this matter and dismiss Petitioner's habeas petition for lack of jurisdiction.[1] *Id.* Petitioner may pursue his claims further at this time only through filing an appropriate prisoner civil rights matter.

---

[1] Although this Court need not reach the issue because the Court must decline jurisdiction over this habeas matter, Petitioner's failure to even attempt to administratively resolve his claims prior to filing his habeas petition would likewise require this Court to decline to hear his case. *See, e.g.,* 42 U.S.C. § 1997e(a) (court cannot hear claim regarding prison conditions unless and until the claim has been completely exhausted administratively); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996) (failure to administratively exhaust a claim "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice").

## IV. <u>CONCLUSION</u>

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction. An order consistent with this Opinion will be entered.

                                                Hon. Karen M. Williams,
United States District Judge

4